IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00730-RJC
(3:07-cr-00109-RJC-1)

| | |
|---|---|
| KARL SULLIVAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA. ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 Motion to Vacate will be DISMISSED.

I. BACKGROUND

On May 22, 2007, Petitioner was indicted by the grand jury in this district on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. §§ 922(g). (3:07-cr-00109. Doc. No. 1: Indictment). Petitioner elected to proceed to trial and was found guilty by a jury on the § 922(g) charge on December 14, 2007. (Id., Doc. No. 18: Jury Verdict).

A presentence report was prepared by the U.S. Probation Office in which the probation officer found that Petitioner qualified as an armed career criminal within the meaning of 18 U.S.C. § 924(e) and USSG § 4B1.4, based on prior adult convictions sustained in North Carolina state court, three of which were for breaking and/or entering. Petitioner was sentenced to in excess of one year of imprisonment on each of the three convictions. (Id., Doc. No. 20:

1

Presentence Report ¶¶ 24, 29, 30). Petitioner filed no objections to the PSR.

On July 16, 2008, Petitioner appeared with counsel for his sentencing hearing and was sentenced to a within-the-guidelines range of 210 months' imprisonment. (Id., Doc. No. 22: Judgment). On appeal to the Fourth Circuit, Petitioner raised one claim: that the trial court erred in denying his motion for a judgment of acquittal based on insufficiency of the evidence. The Fourth Circuit rejected this argument and affirmed his judgment. United States v. Sullivan, 330 F. App'x 445 (4th Cir.), cert. denied, 558 U.S. 960 (2009). On October 17, 2013, Petitioner filed a pro se Section 2255 motion to vacate in this district, which was dismissed as untimely pursuant to the provisions of 28 U.S.C. § 2255(f). Petitioner did not appeal.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After examining the motion the Court finds that it must be dismissed.

III.    DISCUSSION

In this second Motion to Vacate, Petitioner contends that he is entitled to collateral relief from his sentence because he no longer qualifies as an armed career criminal, basing this contention on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act was void for vagueness and therefore unconstitutional.[1]

---

[1] In Welch v. United States, the Supreme Court concluded that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

2

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As § 2244 plainly demonstrates, the Circuit Court must grant authorization to file a successive § 2255 motion and Petitioner has offered no evidence that he has obtained the necessary authorization. Consequently, this Court is without jurisdiction to consider Petitioner's present claim for relief, and his motion will therefore be dismissed. See Burton v. Stewart, 549 U.S. 147, 152-153 (2007).[2]

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein Petitioner's Section 2255 Motion to Vacate is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

---

[2] A dismissal of a § 2255 motion as untimely operates as a decision on the merits for purposes of applying the successive petition rule. See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 518 (2d Cir. 2011) (per curiam).

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this case.

**SO ORDERED**.

Signed: November 15, 2016

Robert J. Conrad, Jr.
United States District Judge